Mr. Frederick N. Scott, Sponsor Little Red Hen Committee Post Office Box 13135 Maumelle, AR 72113
Dear Mr. Scott:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of the popular name and ballot title for a proposed constitutional amendment. Your popular name and ballot title are as follows:
 Popular Name LOCAL TERM LIMITS AMENDMENT Ballot Title AN AMENDMENT TO THE CONSTITUTION OF THE STATE OF ARKANSAS TO LIMIT THE LENGTH OF TERM FOR LOCAL OFFICES, AND TO LIMIT THE NUMBER OF TERMS ALLOWED ELECTED OFFICIALS
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition. Neither certification nor rejection of a popular name and ballot title reflects our view of the merits of the proposal because this Office has been given no authority to consider the merits of any measure.
In this regard, A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment or act.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment or act. SeeArkansas Women's Political Caucus v. Riviere, 282 Ark. 463, 466,677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device.Pafford v. Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v.Bryant, 259 Ark. 294, 532 S.W.2d 741 (1976); Moore v. Hall,229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment or act that will give the voter a fair understanding of the issues presented. Hoban v. Hall,229 Ark. 416, 417, 316 S.W.2d 185 (1958); Becker v. Riviere,270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285,884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34
(1990); Gaines v. McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988);Hoban v. Hall, supra; and Walton v. McDonald, 192 Ark. 1155,97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line. Bailey v.McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke.Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71
(1990), citing Leigh v. Hall, 232 Ark. 558, 339 S.W.2d 104
(1960).
Having analyzed your proposed amendment, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must reject your proposed popular name and ballot title due to ambiguities in the text of your proposed measure. A number of additions or changes to your ballot title are, in my view, necessary in order to more fully and correctly summarize your proposal. I cannot, however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of the ambiguities. I am therefore unable to substitute and certify a more suitable and correct popular name and ballot title pursuant to A.C.A. § 7-9-107(b).
I refer to the following ambiguities:
 1. As an initial matter, your measure indicates that it "shall take effect and be in operation on January 2, 2007." I must note that Amendment 7 to the Arkansas Constitution (art. 5, § 1), provides that "[i]nitiative petitions for state-wide measures shall be filed with the Secretary of State not less than four months before the election at which they are to be voted upon. . . ." and that ". . . at least thirty days before the aforementioned filing, the proposed measure shall have been published once, at the expense of the petitioners, in some paper of general circulation." Art. 5, § 1 ("Initiative"). It would appear impossible at this late date for your measure to comply with the requirements above. The deadline for filing petition signatures with the Secretary of State for measures to be placed on the November 2006 election ballot is July 7, 2006, two weeks from today. See 2006 Election Dates and Information, available at http://www.sos.ar.gov/elections/elections_pdfs/2006_electiondates.pdf (last visited on June 16, 2006). Amendment 7 requires petitions proposing constitutional amendments to be signed by ten percent of the legal voters of the state. Arkansas Constitution, art. 5, § 1
("Initiative"). The required number of signatures is calculated based upon the "total number of votes cast for the office of Governor in the last preceding general election. . . ." Arkansas Constitution, art. 5, § 1 ("Referendum"). A proposed constitutional amendment, such as the one you present, requires the collection of 80,570 signatures. See 2006 Initiatives and Referendums, available at http://www.sos.ar.gov/elections/elections_pdfs/2006/06i_r_facts_info.pdf (last visited on June 16, 2006). That figure is not based upon the vote cast for the office of Governor in the "last preceding general election," because there was no such election for Governor in 2004, the terms of Governor having been increased from two years to four years since the passage of Amendment 7. See Arkansas Constitution, Amendment 63. It is clear, in my opinion, however, from cases such as Yarbrough v. Witty, 336 Ark. 479, 485, 987 S.W.2d 257 (1999), that lack of such a contest at the last preceding election does not mean that the petition signature requirement is "zero." Id. (concluding that the initiation or referral of laws without having to obtain any signatures of the electors "undoubtedly was not contemplated under the Amendment 7 provisions," and "[t]he chancellor correctly rejected Yarbrough's "zero-count theory." Id. at 485 and 487.
 2. Although this conclusion likely renders any discussion of remaining ambiguities in your measure unnecessary, I will note that your proposed ballot title is wholly insufficient in apprising the voters of the contents of your measure. It does not even give the voter information concerning what the length of terms will be, or the number of terms allowed under your "Local Term Limits Amendment."
 3. Ambiguities also arise from the text of your measure. An initial uncertainty concerns the exact officers covered by your measure. Section 1 of your measure merely states that "[t]erms for elective office shall be for two years; and no person shall hold the same office for more than three such terms." You have not specified the offices included in the term "elective office," although a later provision of your amendment states that "offices specified in Amendments #73 and 80" are not included. See § 3. Questions may arise, for example, as to whether your measure intends to include school district offices. Requiring voters to deduce the covered offices by the process of elimination is not in my opinion sufficient to apprise them of the issue they are being asked to approve.
 4. Section 2 of your measure provides that: "Persons appointed to an elective office may only finish out the term of the office, and may not then be elected to that office; nor may they have been previously elected or appointed to that same office." An ambiguity exists as to how this provision would interact with Arkansas Constitution, Amendment 29, which also governs the filling of vacancies in some of the offices apparently included in your measure. See e.g., Ops. Att'y Gen. 2004-308 and 2001-067. In addition, your measure is unclear in whether it prohibits the appointment of persons who have ever
been previously elected or appointed to the same office or only persons who have been elected or appointed to the office in the term immediately preceding the appointment.
 5. Additional ambiguities arise from Section 6(a) and (c) of your measure, which provide, respectively, as follows:" This Amendment to the Arkansas Constitution shall take effect and be in operation on January 2, 2007, and its provisions shall be applicable to all persons thereafter seeking election to the offices specified in this Amendment" and "Persons holding office contrary to the provisions of this Amendment at the time this Amendment goes into effect, may complete their current term of office, but in no event may they serve more than an additional two years." As an initial matter, the retroactive effect of your measure is not clear. Your measure is effective January 2, 2007 and is applicable to "all persons thereafter seeking election. . . ." Do previously-served terms of office (served previous to January 2, 2007), count against the three-term limit? I cannot determine from the language used. Cf. U.S. Term Limits, Inc. v. Hill, 316 Ark. 251, 274, 872 S.W.2d 349 (1994), (noting that Arkansas Constitution, Amendment 73 proclaims that it is "applicable to all persons thereafter seeking election" and that" it is simply not clear on when counting the terms must commence." This ambiguity is not clarified completely by subsection (c). I cannot determine the meaning of that subsection. It is unclear in this regard whether "persons holding office contrary to the provisions of this Amendment" on its effective date, refers to the length of a term, the number of terms to be served, or both. If the former, an additional ambiguity exists from the possibility that the no "more than an additional two years" limitation would cut short the term of an officer who has more than two years left in a current term. See e.g., A.C.A. § 6-13-608 (terms of school board directors). Because your amendment purports to be self-executing, it is unclear whether any such vacancy created would be filled by appointment or election. This provision therefore leads to uncertainty and confusion I cannot summarize its effect in a certified ballot title for your measure.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107 and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finn v. McCuen, 303 Ark. 418, 793 S.W.2d 34
(1990). Furthermore, the Court has recently confirmed that a proposed amendment cannot be approved if "[t]he text of the proposed amendment itself contribute[s] to the confusion and disconnect between the language in the popular name and the ballot title and the language in the proposed measure." Robertsv. Priest, 341 Ark. 813, 20 S.W.3d 376 (2000). The Court concluded: "[I]nternal inconsistencies would inevitably lead to confusion in drafting a popular name and ballot title and to confusion in the ballot title itself." Id. Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title.See A.C.A. § 7-9-107(c). Obviously, however, the time is too late to resubmit your proposal for this election cycle.
Sincerely,
MIKE BEEBE Attorney General
MB:cyh
Enclosure